NUMBER
13-10-00288-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

IN THE INTEREST OF
R.F.M., A MINOR CHILD

____________________________________________________________

 

                          On
Appeal from the 343rd District Court 

                                   of
San Patricio County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                        Before
Justices Rodriguez, Benavides, and Vela

Memorandum Opinion
Per Curiam

 








Appellant's
brief in the above cause was due on May 19, 2011.  On June 7, 2011, the Court
notified appellant that the appeal was subject to dismissal for want of
prosecution unless, within ten days, appellant reasonably explained his failure
to file the brief and the appellee was not significantly injured by his failure
to do so.  The notice was sent certified mail to appellant's last known
forwarding address; however, the notice was returned unclaimed.  Upon receiving
the returned mail, the Court resent the notice to appellant at same address by
regular mail.  To date, no response has been received from appellant.  

Texas
Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any
document filed and "give the party's mailing address, telephone number,
and fax number, if any."  See Tex.
R. App. P. 9.1(b).  Appellant has neither provided this Court with a
forwarding address nor taken any other action to prosecute this appeal. 

Rule
42.3 permits an appellate court, on its own initiative after giving ten days'
notice to all parties, to dismiss the appeal for want of prosecution or for
failure to comply with a requirement of the appellate rules. See id.
42.3(b), (c).  Rule 2 authorizes an appellate court to suspend a rule's
operation in a particular case to expedite a decision. See id. 2.  Given
the length of inactivity in this appeal and this court's inability to give
effective notice to appellant during the period of inactivity, we suspend Rule
42.3's requirement of ten days' notice to all parties, and dismiss the appeal
on our own motion.  See id. 42.3(b), (c).

 

PER
CURIAM

Delivered and filed the

26th day of August, 2011.